| Aicon Art LLC v Aicon Contemporary LLC |
|---|
| 2024 NY Slip Op 31931(U) |
| June 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650580/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. ARLENE P. BLUTH                    PART                    14

*Justice*

-------------------------------------------------------------------------------X

AICON ART LLC

INDEX NO.          650580/2023

Plaintiff,

MOTION DATE        05/31/2024

- v -

MOTION SEQ. NO.        004

AICON CONTEMPORARY LLC,

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 177, 179, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 216, 217, 218, 219, 220, 221, 224, 225

were read on this motion to/for                    SUMMARY JUDGMENT                    .

Plaintiff's motion and defendant's cross-motion for summary judgment are both denied.

**Background**

Both plaintiff and defendant are in the art business and, in fact, are located at the same address (an art gallery) in Manhattan. Apparently, they both lease space pursuant to a sublease from the gallery. The managers of these entities are brothers (Prajit Dutta manages plaintiff while Projjal Dutta manages defendant). The brothers used to be in business together but stopped working together around 2019 and formed the two entities that are the parties in this case.

In this action, plaintiff contends that it entered into three contracts with defendant concerning 1) sharing the proceeds of an artwork sale, 2) an agreement to share business

expenses and 3) an agreement to share legal fees and expenses concerning a claim against these entities. Unfortunately, while the parties reduced the breakup of their former shared entity to writing, that agreement did not mention anything about shared expenses (except for splitting rent). And yet the brothers insist that there were numerous oral agreements about sharing a wide range of expenses.

Plaintiff moves for summary judgment on its contract claims against defendant. It claims that defendant agreed to share equally in the payment of common business expenses for their ongoing operations at the gallery including storage fees, pre-separation legacy obligations and liabilities as well as legal and professional fees arising out of pre-separate legacy payables due to lost or untraceable art and other unpaid obligations.

Plaintiff submits the affidavit of Prajit (NYSCEF Doc. No. 126) who asserts that the parties entered into a memorandum of understanding ("MOU") in January 2019 that governs the operations of plaintiff and defendant. He insists that this agreement was designed "to separate Projjal's and my art business affairs from AIC into separate operations under Art and Contemporary, albeit at the same physical location (i.e., the Gallery) and with ongoing obligations to share certain business expenses and infrastructure" (*id*. ¶ 6). This MOU states that plaintiff and defendant would be responsible for 50% of the monthly rent for their shared gallery space.

Prajit, however, admits that other terms of the agreement were not reduced to writing and claims that he had many conversations with his brother about splitting what he calls administrative payables (such as office supplies, utilities, etc. ) and storage fees (*id*. ¶¶ 8-10). He points to attached emails that he says shows that there was an agreement that such expenses would be shared. Prajit claims that prior to the separation of the business into plaintiff and

**650580/2023   AICON ART LLC vs. AICON CONTEMPORARY LLC**
**Motion No.  004**

**Page 2 of 7**

2 of 7

defendant, defendant's tab of unpaid common charges "was forgiven as part of the negotiations over the MOU with the understanding that going forward Art and Contemporary would promptly settle all AP (Administrative Payables) and storage fees (*id*. ¶ 12).

Prajit argues that after plaintiff and defendant were created the parties sent around a spreadsheet concerning the outstanding fees and that defendant made periodic payments from early 2019 through 2022, when defendant alleged ceased making any payments (*id*. ¶¶ 13-14). He includes a summary of the amounts he claims defendant owes, which totals $230,413.05 (*id*. at 17). This includes $12,644.60 for administrative payables, $9,044.69 for storage fees, $54,265.01 related to India Real Estate fees (fees concerning real estate holdings in India), $144,428.75 for litigation fees and $10,030 for miscellaneous fees (*id*.). Prajit also demands $63,000 related to the Toor Agreement, an agreement whereby defendant was supposed to pay plaintiff 25% of the net sales proceeds for a particular painting by the artist Salman Toor (*id*.).

Projjal contends in opposition and in support of defendant's cross-motion that there was no agreement to share the payment of common charges (NYSCEF Doc. No. 183, ¶ 5) and attaches an email from his brother Prajit addressed to no one which purportedly reflects his notes from a meeting (NYSCEF Doc. No. 184). This email states that "There will be a no common responsibilities/contracts except rent and utilities" (*id*.). Projjal also claims that defendant "paid common bills for and on behalf of itself and [plaintiff], for which it was not restituted" (NYSCEF Doc. No. 183 ¶ 52). Projjal claims that plaintiff actually owes defendant money for expenses. Projjal claims he was not a party to any of the real estate deals (*id*. ¶ 11) nor did he have anything to do with the miscellaneous fees (*id*. at 6-7).

**650580/2023   AICON ART LLC vs. AICON CONTEMPORARY LLC**
**Motion No.  004**

**Page 3 of 7**

3 of 7

[* 3]

**Discussion**

As an initial matter, the Court denies plaintiff's motion on the ground that there are clear issues of fact concerning the existence of (and the terms of) the alleged oral agreement reached between the brothers regarding the sharing of costs between plaintiff and defendant. The fact is that Projjal (as the principal of defendant) contends that there was no such agreement to share expenses and attaches an email from his brother that seemingly reflects that (*see* NYSCEF Doc. No. 184). While the Court cannot reach a definitive conclusion about the context and meaning of this email, the fact is that Projjal's affidavit and Prajit's email raise issues of fact. And Projjal directly disputes the other claimed expenses sought by plaintiff. Simply put, the Court cannot find as a matter of law that defendant agreed to share expenses. Even if the Court could find that there was some arrangement to share expenses, the Court cannot begin to define the terms of such an agreement. Put another way, the Court cannot assume that certain expenses would be split evenly or even what would precipitate an expense to be shared as opposed to an expense incurred solely by plaintiff.

To be sure, plaintiff (and even defendant) included communications that suggests they each made some payments towards the types of expenses that are at issue here (such as utilities). But this Court cannot create the terms of an agreement as a matter of law based on the fact that each party may have paid some portion of some bills at some time. The parties decided to share the same physical location but did not bother to formally set forth the terms of how expenses would be shared and this Court cannot credit one side's version on this motion. Clearly, these sophisticated parties were capable of drafting agreements—they entered into the MOU that mentions splitting the rent. But for some reason that this Court cannot comprehend, the MOU was silent about the issues that are raised in this motion.

**650580/2023   AICON ART LLC vs. AICON CONTEMPORARY LLC**
**Motion No.  004**

**Page 4 of 7**

4 of 7

The Court is also unable to grant summary judgment with respect to the Toor Agreement as the Court cannot discern the meaning of the email (NYSCEF Doc. No. 208) in which an employee for plaintiff (Harry Hutchison) agrees to some sort of plan. Obviously, more discovery is needed to explore what is being discussed here.

The Court also finds that there are issues of fact with respect to the remaining expenses plaintiff seeks including the India Real Estate fees (which Projjal denies defendant ever agreed to pay), the litigation fees and miscellaneous fees. Projjal expressly denies that defendant had anything to do with litigation fees or that there was an agreement to pay these. Projjal also claims that for the miscellaneous fees, which allegedly relate to monies paid to an Indian artist, that plaintiff interfered and paid this artist $20,000 without first consulting defendant. There are obvious material issues of fact concerning these categories of claimed damages.

The Court also denies defendant's cross-motion for summary judgment as the papers are vague about the specific relief it seeks. The attorney affirmation makes reference to a judicial estoppel argument based on this Court's denial of a summary judgment motion in another related case between the brothers. In fact, the attorney affirmation demands that plaintiff is judicially estopped from bringing this entire lawsuit (NYSCEF Doc. No. 211 at 2) although only partial summary judgment is sought in defendant's cross-motion. However, the denial of a summary judgment motion in that related case was based on the fact that it was premature. That is not an affirmative finding about anything and it is not a basis to grant defendant partial summary judgment here.

The Court also observes that Projjal makes a brief, unsupported request for summary judgment in his affidavit in opposition (NYSCEF Doc. No. 183, ¶ 24) but that assertion is not

**650580/2023   AICON ART LLC vs. AICON CONTEMPORARY LLC**
**Motion No.  004**

**Page 5 of 7**

5 of 7

sufficient to grant defendant summary judgment. This Court is unable to make definitive findings about how the parties characterize payments.

**Summary**

It is an understatement to characterize the instant dispute as a mess. The parties, run by feuding brothers, seem destined to fight about every possible expense incurred by their two companies. But unfortunately, they did not reduce the key terms regarding the separation of their original entity to writing. Instead, they offer their own versions of events supported by their own personal views of what various emails, payments and records mean. Faced with conflicting affidavits, this Court cannot embrace either party's view on a motion for summary judgment. "The drastic remedy of summary judgment may not be granted if there is any doubt whatever as to the existence of an unresolved issue of fact" (*Bral v City of New York*, 221 AD2d 283, 283, 634 NYS2d 98 [1st Dept 1995]. Here, these brothers do not appear to agree about anything; just because they would like this Court to credit their theory of recovery is not a basis to grant either one summary judgment. After a trial, the finder of fact will have to determine who and how much to believe.

Accordingly, it is hereby

ORDERED that plaintiff's motion and defendant's cross-motion for summary judgment are both denied.

**650580/2023 AICON ART LLC vs. AICON CONTEMPORARY LLC**
**Motion No. 004**

**Page 6 of 7**

6 of 7

See NYSCEF Doc. No. 215 concerning the next conference.

| | | | | |
|---|---|---|---|---|
| **6/4/2024** | | | | |
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

**CHECK ONE:** ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

**APPLICATION:** ☐ SETTLE ORDER ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:** ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**650580/2023   AICON ART LLC vs. AICON CONTEMPORARY LLC**                           **Page 7 of 7**
**Motion No.  004**

7 of 7